Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, with minor modifications.
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as:
 STIPULATIONS
1. An employee-employer relationship as defined by the Act existed between plaintiff-employee and defendant-employer on 3 January 1996.
2. Defendant-employer was insured by Harleysville Mutual Insurance Company on 3 January 1996.
3. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and the subject matter.
4. Plaintiffs average weekly wage on 3 January 1996 was $842.00.
5. The date of the alleged incident was 3 January 1996.
 ***********
Based upon all of the competent, credible evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On 3 January 1996, plaintiff was employed by defendant-employer as an operator of heavy equipment to clear land.
2. On 3 January 1996, plaintiff injured his back when an oily cylinder that he was helping to unload from an excavator into the back of defendant-employers truck unexpectedly slipped out of a nylon strap that was being used as a sling. All the weight of the cylinder was placed on plaintiff as he tried to catch it. Plaintiff immediately felt a snap in his back and felt a sensation in his left leg. Plaintiff stopped work long enough to allow the pain to subside, but then returned to work.
3. Plaintiff continued working after 3 January 1996, but the pain in his back increased to the point where it interfered with the normal way he performed his duties. His back was particularly sore in the morning, but improved during the day. Plaintiff also had pain sitting for long periods of time. He took ibuprofen frequently and hoped that the pain would stop. Plaintiffs pain gradually became so severe that he could not operate a bulldozer. As a result, plaintiff stopped working on 1 June 1996.
4. Plaintiff first sought medical treatment in May 1996. He received conservative treatment from several doctors including: Dr. Ingelhart, a chiropractor, Dr. Boyette, his family doctor, Dr. Liverman, another family practitioner, and Christopher S. Delaney, M.D., a physiatrist. On 11 July 1996, Dr. Delaney confirmed his diagnosis of an L4-5 left radiculopathy and then referred plaintiff to James R. Jackson, M.D., a neurosurgeon, for back and leg pain.
5. Dr. Jackson examined plaintiff and reviewed his MRI, which showed an extruded fragment between his L4 and L5 vertebrae on the left. Plaintiff reported that he had performed some twisting and lifting in June when he felt pain in his back that radiated down his left leg. Plaintiff also reported that he had back problems prior to this most recent onset of pain. Dr. Jackson recommended surgery, which he performed on 23 July 1996 with good results. Dr. Jackson last saw plaintiff on 28 August 1996 at which time he released plaintiff to return to work in four weeks. Plaintiff returned to work for defendant-employer on 28 September 1996.
6. In the next four months after the 3 January 1996 incident, plaintiff experienced back pain, but he was able to perform his regular duties after taking medication to relieve the pain. Plaintiffs employer, Mr.Jerry Armstrong, testified at the hearing before the deputy commissioner that plaintiff had complaints of back pain after the 3 January 1996 incident and continuing until May 1996 when plaintiff first sought medical treatment. During this time, Mr.Armstrong personally observed plaintiff in pain when performing different tasks. Plaintiff finally sought medical treatment when the severity of the pain prevented him from working. The Full Commission finds that plaintiffs testimony regarding the 3 January 1996 incident leading to his herniated disc at L4-5 is credible.
7. The Full Commission finds that plaintiff sustained a herniated disc at L4-5 on 3 January 1996 that was the direct result of a specific traumatic incident of the work assigned. The incident caused the back injury for which plaintiff received surgery. As a result of the specific traumatic incident, plaintiff retained a ten percent permanent partial disability of his back.
8. Plaintiffs medical treatment, including surgery, was reasonably necessary to provide relief, to effect a cure, and decrease plaintiffs period of disability.
9. As a result of the 3 January 1996 specific traumatic incident, plaintiff was unable to earn wages with defendant-employer or in any employment from 1 June 1996 until 28 September 1996.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On 3 January 1996, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer as a direct result of a specific traumatic incident of the assigned work. G.S. 97-2(6).
2. As a result of the 3 January 1996 injury by accident, plaintiff was temporarily and totally disabled from 1 June 1996 until 28 September 1996 and is entitled to compensation at the weekly rate of $492.00 for that period of time. G.S. 97-29.
3. As a result of the 3 January 1996 injury by accident, plaintiff sustained a ten percent permanent partial disability to his back and is entitled to compensation at the rate of $492.00 per week for thirty weeks for that disability. G.S. 97-31(23).
4. Plaintiff is entitled to medical compensation reasonably necessary as a result of the 3 January 1996 injury by accident, including the back surgery performed by Dr. Jackson. G.S.97-2(19); G.S. 97-25.1.
5. Plaintiffs attorney is entitled to a reasonable attorneys fee in the amount of $800.00 as a part of the costs on appeal to the Full Commission. G.S. 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff at the weekly rate of $492.00 for the period from 1 June 1996 until 28 September 1996, and permanent partial disability benefits at the same rate for thirty weeks. This compensation has accrued and shall by paid in a lump sum to plaintiff, subject to the attorneys fee approved hereinafter.
2. Defendants shall pay all medical expenses reasonably necessitated by plaintiffs injury by accident, including his back surgery, subject to the limitation of G.S. 97-25.1.
3. A reasonable attorneys fee in the amount of twenty-five percent of the compensation due plaintiff under this Award is approved for plaintiffs counsel and shall be paid as follows: twenty-five percent of the accrued amount due plaintiff shall be deducted and paid directly to plaintiffs counsel. G.S. 97-90.
4. Defendants shall pay the costs.
5. Defendant-carrier shall pay as part of the bill of costs, an attorneys fee to plaintiffs attorney in the amount of $800.00 for defending this appeal to the Full Commission. This fee is in addition to the attorneys fee in paragraph 3 of the Award.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_______________ LAURA K. MAVRETIC COMMISSIONER
S/___________________ BERNADINE S. BALLANCE COMMISSIONER